FILED
CLERK, U.S. DISTRICT COURT

07/11/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ____dj____ DEPUTY

1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN B. REIDY (Cal. Bar No. 320583)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:  (213) 894-8536
7       Facsimile:  (213) 894-0141
        E-mail:     kevin.reidy@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No.    2:22-MJ-2689-DUTY

13            Plaintiff,               GOVERNMENT'S NOTICE OF REQUEST FOR
                                       DETENTION
14            v.

15  DANIEL NAVARRO,

16            Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22           following grounds:

23     ☐  a.   present offense committed while defendant was on release

24              pending (felony trial),

25     ☐  b.   defendant is an alien not lawfully admitted for

26              permanent residence; and

27     ☐  c.   defendant may flee; or

28

1    ☐  d.    pose a danger to another or the community.

2    ☒  2.    Pretrial Detention Requested (§ 3142(e)) because no

3          condition or combination of conditions will reasonably

4          assure:

5    ☒  a.    the appearance of the defendant as required;

6    ☒  b.    safety of any other person and the community.

7    ☐  3.    Detention Requested Pending Supervised Release/Probation

8          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

9          § 3143(a)):

10    ☐  a.    defendant cannot establish by clear and convincing

11          evidence that he/she will not pose a danger to any

12          other person or to the community;

13    ☐  b.    defendant cannot establish by clear and convincing

14          evidence that he/she will not flee.

15    ☒  4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

16          § 3142(e)):

17    ☐  a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

18          (46 U.S.C. App. 1901 et seq.) offense with 10-year or

19          greater maximum penalty (presumption of danger to

20          community and flight risk);

21    ☐  b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

22          2332b(g)(5)(B) with 10-year or greater maximum penalty

23          (presumption of danger to community and flight risk);

24    ☒  c.    offense involving a minor victim under 18 U.S.C.

25          §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

26          2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

27

28

2260, 2421, 2422, 2423 or 2425 (presumption of danger
to community and flight risk);

☐     d.     defendant currently charged with an offense described
in paragraph 5a - 5e below, <u>AND</u> defendant was
previously convicted of an offense described in
paragraph 5a - 5e below (whether Federal or
State/local), <u>AND</u> that previous offense was committed
while defendant was on release pending trial, <u>AND</u> the
current offense was committed within five years of
conviction or release from prison on the above-
described previous conviction (presumption of danger to
community).

☒    5.     Government Is Entitled to Detention Hearing Under § 3142(f)
If the Case Involves:

☐     a.     a crime of violence (as defined in 18 U.S.C.
§ 3156(a)(4)) or Federal crime of terrorism (as defined
in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum
sentence is 10 years' imprisonment or more;

☒     b.     an offense for which maximum sentence is life
imprisonment or death;

☐     c.     Title 21 or MDLEA offense for which maximum sentence is
10 years' imprisonment or more;

☐     d.     any felony if defendant has two or more convictions for
a crime set forth in a-c above or for an offense under
state or local law that would qualify under a, b, or c
if federal jurisdiction were present, or a combination
or such offenses;

3

1     ☐   e.   any felony not otherwise a crime of violence that

2          involves a minor victim or the possession or use of a

3          firearm or destructive device (as defined in 18 U.S.C.

4          § 921), or any other dangerous weapon, or involves a

5          failure to register under 18 U.S.C. § 2250;

6     ☒   f.   serious risk defendant will flee;

7     ☐   g.   serious risk defendant will (obstruct or attempt to

8          obstruct justice) or (threaten, injure, or intimidate

9          prospective witness or juror, or attempt to do so).

10    ☐   6.   Government requests continuance of _____ days for detention

11         hearing under § 3142(f) and based upon the following

12         reason(s):

13

14    _____

15    _____

16    _____

17  //  _____

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

4

☐   7.   Good cause for continuance in excess of three days exists in

         that:

_____

_____

_____

_____

Dated: July 12, 2022              Respectfully submitted,

                                  STEPHANIE S. CHRISTENSEN
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  _____
                                  KEVIN B. REIDY
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA